**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ERIK SALAIZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-24-CV-392-KC |
| | § | |
| **ABSOLUTE HEALTH AGENTS** | § | |
| **LLC; DAVE GREEN;** and | § | |
| **JANE/JOHN DOE,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered the case. Over five months into this litigation, Plaintiff has yet to file proof of service on any Defendant. Plaintiff filed his Complaint, ECF No. 1, on October 23, 2024, making service initially due by January 21, 2025. *See* Fed. R. Civ. P. 4(m). On January 9, however, Plaintiff moved for a sixty-day extension to serve Defendants, citing difficulty locating them. Mot. Extension, ECF No. 5. The Court granted the Motion and ordered Plaintiff to file proof of service on all Defendants by no later than March 24, 2025. Jan. 10, 2025, Order 1, ECF No. 6. The Court warned that "[f]ailure to comply may result in dismissal of the case." *Id.* at 1–2.

When Plaintiff failed to meet this deadline, the Court issued a second Order directing him to file proof of service and to show cause for his previous failure to do so by April 1. Show Cause Order, ECF No. 7. That deadline has now passed, and Plaintiff has neither filed proof of service, sought an extension, nor shown good cause. Indeed, he has not filed anything in this case since his January 9 Motion.

Rule 41(b) of the Federal Rules of Civil Procedure—and the cases interpreting that

Rule—allow a court to dismiss a case on its own motion when a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). And the Court has twice warned Plaintiff that his failure to comply with the Court's Orders may result in dismissal of the case. *See* Jan. 10, 2025, Order 1; Show Cause Order 1.

Plaintiff's repeated unexplained failures to comply with deadlines despite the Court's multiple warnings may well justify dismissal of his case with prejudice. *Lucas v. Cain*, 573 F. App'x 369, 370 (5th Cir. 2014) (quoting *McNeal v. Papasan*, 842 F.2d 787, 789–90 (5th Cir. 1988)). However, the Court finds that the lesser sanction of dismissal without prejudice is appropriate here. *See Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) ("Lesser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice." (quoting *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996))); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369 & nn.23, 80–83 (4th ed. 2023).

Accordingly, as a sanction for Plaintiff's repeated unexplained failures to comply with the Court's Orders and with the Federal Rules of Civil Procedure, it is **ORDERED** that all of Plaintiff's claims in this case are **DISMISSED** without prejudice.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 2nd day of April, 2025.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE